IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 12-0615-CG-C |
| ONE 12 GAUGE REMINGTON SHOTGUN, MODEL 870, SERIAL NO: S804459V; ONE .25 CALIBER RAVEN PHOENIX ARMS PISTOL, SERIAL NO: 3155967, ONE 12 GAUGE EXCEL SHOTGUN WITH ILLEGIBLE SERIAL NO. EXCEPT FOR A D ; ONE 12 GAUGE J. STEVENS & TOOL CO. SHOTGUN WITH MISSING STOCK, SERIAL NO: 42865; ONE .22 CALIBER REMINGTON 550-1 RIFLE, NO SERIAL NO.; and, ONE .22 CALIBER REMINGTON 552 RIFLE, NO SERIAL NO. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER OF FORFEITURE**

This matter is before the Court on plaintiff's Motion for Entry of Order of Forfeiture (Doc. 5). For cause shown, the Motion is **GRANTED**.

On September 25, 2012, a verified complaint for forfeiture in rem was filed on behalf of the United States against the defendants, One 12 Gauge Remington Shotgun, Model 870, Serial No: S804459V; One .25 Caliber Raven Phoenix Arms Pistol, Serial No: 3155967, One 12 Gauge Excel Shotgun with Illegible Serial No. except for a D; One 12 Gauge J. Stevens & Tool Co. Shotgun with missing Stock,

Serial No: 42865; One .22 Caliber Remington 550-1 Rifle, No Serial No.; and One .22 Caliber Remington 552 Rifle, No Serial No., to enforce the provisions of Title 21, United States Code, Section 881(a)(11).  Process was fully issued in this action for the forfeiture of the defendant property under the complaint.

On September 25, 2012, the plaintiff sent a copy of the Complaint for Forfeiture in Rem, Warrant for Arrest and Notice of Forfeiture Action ("pleadings") to:  Douglas M. Watts, Sr., 13174 Angie Drive, Foley, AL 36535, which was delivered on September 27, 2012; and, Delores Watts, P. O. Box 782, Foley, AL 36536, which was delivered on October 9, 2012.  Plaintiff also sent a copy of the pleadings to Paul Bradley Murray, Esq., at The Murray Firm, LLC, P. O. Box 1588, Daphne, AL 36526. Mr. Murray was appointed as the attorney for Doug Watts, Jr., in the related criminal investigation and case in United States v. Doug Watts, Jr., Case No. 12-cr-00069-CG-C.  On September 26, 2012, the pleadings were delivered to Mr. Murray's office.  Among the pleadings was the Notice of Forfeiture action which notified Watts and his attorney of his right to file a claim in this Court within thirty five (35) days of the date that said notice was sent and to file a motion or an answer within 21 days thereafter, and of the intent of the United States to dispose of the property in accordance with the law, all in accordance with Supplemental Rules G(4)(b)(C), G (5)(ii)(A) and G(5)(b).  As a result, any claim from potential claimants was due by October 30, 2012, and any motion or answer by November 20, 2012.

No claim, motion, answer, or any other responsive pleading was filed by potential claimants, and the time to file same has expired.

On January 13, 2013, the United States Marshals Service executed the Warrant for Arrest issued by the Clerk, thereby arresting the defendant firearms.

Notice of this seizure and forfeiture action, and notice of the intent of the United States to dispose of the property in accordance with the law, was published on the Internet at www.forfeiture.gov from October 11, 2012 through November 9, 2012.  Any putative claimant who received notice by internet notice had to file a claim by December 10, 2012, and a motion under Rule 12 or answer by December 31, 2012.  Supplemental Rule G(5)(ii)(B) and G(5)(b).

All identifiable possible claimants were served.  All possible claimants have had adequate notice and time in which to file a claim, motion and an answer.  No such claims, motions or answers have been filed, and the filing deadlines of Supplemental Rules G(4)(b)(C), G (5)(ii)(A) and G(5)(b) have expired.

With no claims, motions, answers, or any other pleadings having been filed in opposition to the forfeiture of said defendants, and there being no remaining issues, final disposition of this action is appropriate at this time.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1.  This Court has jurisdiction over the subject matter, and the complaint states a claim upon which relief may be granted.

2.  In accordance with the verified complaint, the defendants, One 12 Gauge Remington Shotgun, Model 870, Serial No: S804459V; One .25 Caliber Raven Phoenix Arms Pistol, Serial No: 3155967, One 12 Gauge Excel Shotgun with Illegible Serial No. except for a D; One 12 Gauge J. Stevens & Tool Co. Shotgun with missing Stock, Serial No: 42865; One .22 Caliber Remington 550-1 Rifle, No Serial No.; and One .22 Caliber Remington 552 Rifle, No Serial No., which were seized by the United States Marshals Service, are ordered to be forfeited to the plaintiff, the United States of America for disposition according to law pursuant to Title 21, United States Code, Section 881(a)(11).

3.  This Order resolving all matters and issues joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes.

**DONE and ORDERED** this 17th day of January, 2013.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE